CUPERMAN v. STERN et al.

(Supreme Court, Appellate Term. May 5, 1904.)

1. BROKERS—COMMISSIONS—EVIDENCE.

    In an action by a broker to recover a balance alleged to be due for commissions in securing a building contract for defendants, evidence *held* insufficient to support a finding that the agreed compensation was $650, instead of $150, as contended by defendants.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Samuel Cuperman against Beirl Stern and another. From a Municipal Court judgment in favor of plaintiff, defendants appeal. Reversed.

Argued before FREEDMAN, P. J., and LEVENTRITT and GREENBAUM, JJ.

Jacob Gordon, for appellants.
H. T. Marston, for respondent.

LEVENTRITT, J. The sole issue litigated was the amount of the balance due the plaintiff for services rendered by him in securing a building contract for the defendants. He claimed that his compensation was agreed at $650, and, as he had received only $97, there remained unpaid $553. Relinquishing the excess, he sued for and recovered $500. The defendants did not dispute the aggregate of the payments made, but insisted that the compensation was fixed at $150, and that only $53 remained unpaid. As there was no third party present at the making of the agreement, as to its terms we have only the testimony of the plaintiff on the one side and that of the defendants on the other. While the inherent probability of the defendants' statements would not justify a reversal, the evidence of events subsequent to the making of the agreement induces the conviction that the judgment is decidedly against the weight of the evidence, and should not stand. The only witness by whom plaintiff sought corroboration was one McGuire, who claimed to have overheard admissions made by each of the defendants as to the balance they owed the plaintiff. It is represented that on one occasion the defendant Yanowsky declared, "We promised to pay you five per cent. [that is, $650], and we will pay you that," and on another occasion he said, "Mr. Cuperman, can't you wait until the 4th of October; we are going to get another payment then, and we will pay you that $553 in full." And later on the same day this witness heard the defendant Stern, in a conversation with the plaintiff, inquire the amount of the balance due, and, upon the plaintiff's reply that it was $553, Stern observed, "Yes; well, I guess you are right." It seems that on each of the three occasions the plaintiff called upon the defendants for the purpose of collecting, and the witness accompanied him. It is scarcely credible that the defendants seized the opportunity in each instance to furnish the witness with damaging confessions. On the other hand, we have not only the testimony of two disinterested witnesses as to admissions made by the plaintiff that there was coming to him from the defendants only $53, we have a convincing

piece of evidence in the form of a receipt, written entirely by the plaintiff, and by him delivered to the defendants when they made the last payment to him. It reads:

"Sept. 5th 1903.

"Received from B. Stern & Co. Seventy five dollars ac of commission for Elm and Canal Street job. Bal. $53.          S. Cuperman."

The only explanation offered by the plaintiff concerning the statement in that receipt to the effect that the balance was $53 was that he had made a mistake in failing to insert a 5 before the 53. It is also to be observed that this receipt was in the possession of the defendants at all the times when McGuire says they admitted that the balance was $553. It is evident that the plaintiff did not sustain the burden of proof. There should be a retrial.

Judgment reversed, and a new trial ordered, with costs to the appellants to abide the event. All concur.